UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

M.B.D. NO. 17-91151-RGS

IN Re: MOTION REQUESTING PERMISSION TO FILE NEW LAWSUIT

MOVANT: GERARD D. GRANDOIT

ORDER

September 20, 2017

Movant Gerard D. Grandoit has been deemed an abusive litigant. See *Grandoit v. Staples*, C.A. No. No. 10-10299-RGS (Dec. 6, 2012). As a result, he has been enjoined from filing civil actions in this Court without first obtaining permission from a judicial officer.

Now before the Court are Grandoit's motions (1) requesting permission to file a new lawsuit and (2) to show good cause for filing a complaint. *See* Docket Nos. 1 - 2. Grandoit did not pay the $47 Miscellaneous Business Docket filing fee or seek waiver thereof. His motions are accompanied by two proposed complaints seeking equitable and monetary relief from defendants Roche Insurance Agency ("Roche") and Arbella Mutual Insurance Company ("Arbella") for statutory and constitutional violations. Here, Grandoit is proceeding *pro se* and as such, his pleadings are entitled

to a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520–521 (1972).

In his motion requesting permission to file a new lawsuit, Grandoit informs the Court of the difficulty he has had in retrieving files from his computer. *See* Docket No. 1. He asks the Court to delay "the process" to provide him with additional "time to file the rest of the complaint." *Id.* He seeks "leave and permission to allow [him to file] the recognized claims from [his] complaint against the Defendants involved." *Id.* In addition to the complaints, Grandoit has filed addendums, attachments and memoranda in support.

Grandoit's complaints consist primarily of a recounting of events surrounding his July 2013 purchase of an Arbella car insurance policy from Roche as well as his subsequent efforts to have his policy reinstated in 2014 after it was cancelled due to nonpayment and in 2016 after Arbella terminated its agency contract with Roche. Grandoit subsequently filed demand letters to the defendants as well as administrative and consumer complaints with the Massachusetts Division of Insurance, Massachusetts Office of the Attorney General, the U.S. Office of Fair Housing and Equal Opportunity, and the Equal Employment Opportunity Commission.

Grandoit's request to file a new civil action will be denied. Each complaint contains from thirty to sixty counts and many of the numbered counts consist of formulaic recitations of some of the elements of particular statutes and regulations. The allegations concerning the alleged termination and/or reinstatement of Grandoit's insurance policies epitomize the type of "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" found to be insufficient by the Supreme Court in *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Moreover, because the citizenship of Grandoit and each of the defendants are not diverse, diversity jurisdiction under Section 1332 does not exist. *Northeast Federal Credit Union v. Neves*, 837 F.2d 531, 533 (1st Cir. 1988) (vacating and directing district court to dismiss, no diversity jurisdiction existed); *Paparella v. Idreco Invest.*, 858 F. Supp. 283, 284 (D. Mass. 1994) (dismissing). Even if there was diversity of citizenship between the parties, Grandoit cannot satisfy the amount in controversy requirement because it appears that he lacks a reasonable, good faith basis to believe that his recovery could exceed $75,000.

To the extent Grandoit alleges federal constitutional violations, private conduct is generally beyond the reach of the 42 U.S.C. § 1983, which creates a private right of action through which plaintiffs may recover against

state actors for constitutional violations. *González-Maldonado v. MMM Healthcare, Inc.*, 693 F.3d 244, 247-48 (1st Cir. 2012). Moreover, Grandoit offers no factual allegations to support his bare conclusions that the defendants' actions were discriminatory.

To the extent Grandoit seeks to assert a myriad of claims under the Equal Credit Opportunity Act, 15 U.S.C. § 1691, (1) defendants are not lenders that provided credit to Grandoit, and (2) the allegations are insufficient to support a finding of discrimination under the burden shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

Based on the foregoing, I do not find any good basis to permit Grandoit to file the proposed complaints and it is hereby Ordered that:

(1) Grandoit's motion (Docket No. 1) requesting permission to file a new lawsuit is DENIED;

(2) Grandoit's motion (Docket No. 2) to show good cause for filing a complaint is DENIED; and

(3) The clerk is directed to terminate this matter without assessment of the filing fee.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE